91 P.3d 1134

**ADA COUNTY, Plaintiff–Respondent,**

v.

**James A. FUHRMAN and Diane C. Fuhrman, Defendants–Appellants.**

No. 29480.

Supreme Court of Idaho, Boise, March 2004 Term.

May 21, 2004.

John B. Todd, Boise, for Appellants.

Greg H. Bower, Ada County Prosecuting Attorney, Boise, for Respondent. Alexander C. Yewer argued.

TROUT, Chief Justice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James and Diane Fuhrman (Fuhrmans) own eight acres of bare ground near Garden City in Ada County, Idaho. In 1997, the Fuhrmans advertised for fill dirt for the property and allowed fill dirt to be placed on it. The property includes a sloping embankment with Settler's irrigation canal at the top. The fill dirt was placed on the embankment, which now exceeds a 15% slope.

On June 22, 2001, Thomas Scholtens (Scholtens) of Ada County Development Services, issued a stop work order to the Fuhrmans, instructing them that their project violated the Ada County Building Code and informing them they needed to apply for and obtain an Ada County grading and exca-vation permit. The Fuhrmans immediately stopped work on the property by not adding any additional fill, but left the existing fill in place.

Ada County had previously adopted as part of the Ada County Building Code, the Uniform Building Code (UBC), including UBC Appendix Chapter 33 (entitled "Grading and Excavation"). Under UBC Appendix Chapter 33 (Chapter 33), people desiring to do grading or excavation are required to obtain a permit unless one of the specific exemptions applies. Further, as part of the zoning regulations, Ada County adopted the "Hillside Overlay District" (HOD) provisions which require that no grading or excavation of any kind can begin on slopes exceeding 15% until the grading plan is approved and a grading permit obtained.

On July 24, 2001, Scholtens and Ada County assistant engineer Jeffery Patlovich (Patlovich), went to the property to determine whether the remaining fill was safe. Scholtens determined that no imminent danger existed necessitating any corrective action under Chapter 33. As Scholtens later stated in his affidavit, even though no imminent danger existed, it was clear to him that the "work being done by Mr. Fuhrman is subject to [Chapter 33]. Specifically, the engineered grading requirement that would require Mr. Fuhrman to retain the services of an engineer and to prepare and submit the appropriate plans with the required information under [Chapter 33]." Scholtens also stated the reason he decided a permit was necessary is that the slope on the Fuhrmans' property was steeper than 15% and he was concerned for the integrity of the canal embankment.

Ada County filed a complaint against the Fuhrmans October 2, 2001, alleging the Fuhrmans allowed fill dirt to be placed on property without obtaining the necessary grading and excavation permits and the use was a violation under Chapter 33. The Fuhrmans submitted an engineering plan with a grading permit application on October 18, 2001. The Fuhrmans' engineering plan did not comply with the HOD provisions and, more specifically, the engineering plan did not include a geotechnical report of how the fill would be engineered to support the final

use of the property. Also missing from the plan was a description of the plants on the canal embankment, a description of a benching or terracing of the embankment to prevent sliding, and a description of the appropriate amount of compaction. As a result of these deficiencies, Scholtens rejected the Fuhrmans' engineering plan and grading application.

On January 2, 2002, Ada County amended its complaint, alleging that the requirements of the HOD applied to the Fuhrmans' property and further alleging the Fuhrmans continued to allow fill to be placed on their property. Ada County requested a permanent injunction requiring the Fuhrmans to: 1) stop violating Ada County Code by allowing fill to be placed on their property; 2) apply for proper permits; and 3) bring the existing fill into compliance.

The Fuhrmans' filed an answer to the amended complaint and denied that the code sections applied to their property and denied that they permitted fill dirt on the property without first obtaining permits from Ada County. The Fuhrmans also filed a counterclaim, alleging Ada County's actions constitute an improper taking of property in violation of the Fuhrmans' constitutional rights.

The Fuhrmans moved for partial summary judgment and included an affidavit of James Fuhrman and Ada County filed a cross-motion for partial summary judgment on the Fuhrmans' counterclaims and in support included affidavits of Scholtens and Patlovich.

On November 12, 2002, the district court issued its Findings of Fact and Conclusions of Law concerning the motions for partial summary judgment. The district court concluded that there were no genuine issues of material fact and that: 1) Ada County had not violated any of the Fuhrmans' asserted constitutional rights, 2) Ada County suffered irreparable harm by the Fuhrmans' activities and will continue to suffer irreparable harm until the Fuhrmans comply with the Ada County Code provisions, 3) Ada County is entitled to a permanent injunction ordering the Fuhrmans to comply, 4) the Fuhrmans' property is subject to Ada County Code, and 5) the provisions at issue are a reasonable application of Ada County's police powers.

The district court then granted Ada County's motion for partial summary judgment.

After additional argument, the district court issued another decision denying the Fuhrmans any relief on their counterclaims. The district court then entered a judgment enjoining the Fuhrmans from further actions in violation of the Ada County Code and ordering the Fuhrmans to apply for the proper permits and submit engineered grading plans in compliance with the Ada County Code within ninety days. The Fuhrmans were also ordered to bring the fill into compliance. The Fuhrmans then filed a timely appeal.

## II. STANDARD OF REVIEW

This Court's review of a trial court's ruling on a motion for summary judgment is the same as that required of the trial court when ruling on the motion. *City of Sandpoint v. Sandpoint Independent Highway District,* 139 Idaho 65, 72 P.3d 905, 907 (2003); *Sun Valley v. Rosholt, Robertson & Tucker,* 133 Idaho 1, 3, 981 P.2d 236, 238 (1999). The law is well established in Idaho that on a motion for summary judgment, the trial court must determine whether the pleadings, depositions, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); 56(c); *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). On appeal, this Court exercises free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

## III. DISCUSSION

### A. The amended complaint

In this appeal, the Fuhrmans initially represented themselves pro se in submitting their briefs on appeal. While they stated issues in their initial brief, the argument which followed is not entirely clear. They argue the district court erred in granting summary judgment to Ada County and we

will address that, as well as some sub-issues which appear to be encompassed in that issue.

■ Initially, the Fuhrmans argue that the district court improperly referenced in the Findings of Fact and Conclusions of Law a "danger to public health, safety and welfare," which the Fuhrmans argue was not properly pled in Ada County's amended complaint. In the initial complaint, Ada County alleged the Fuhrmans permitted fill dirt to be placed on property without obtaining permits in violation of Chapter 33 and in the amended complaint, Ada County further alleged the Fuhrmans violated the HOD provisions. Admittedly, Ada County did not allege that the fill on the Fuhrmans' property was a danger to public health, safety and welfare. In the Findings, the district court found that Chapter 33 and the HOD applied to the Fuhrmans' property and the Fuhrmans violated these provisions. The district court went on to find that "even without the authority of UBC 33 and HOD 8–3H–1, Ada County had the inherent power to enjoin the Fuhrmans' activities to protect the public health, safety and welfare of citizens and property."

In looking at the Findings and Conclusions, it appears the district court did not rest its findings on a danger to public health, safety, and welfare analysis. Instead, the district court specifically concluded Chapter 33 and the HOD applied to the Fuhrmans' property and the Fuhrmans did not comply with those provisions. The district court then merely commented that even if Chapter 33 and the HOD did not apply to the Fuhrmans' property, the district court would have entertained a danger to public health, safety, and welfare argument. We affirm the district court because the comment was simply additional reasoning to support its decision and the amended complaint clearly alleged the Fuhrmans did not comply with Chapter 33 and the HOD.

**B. The affidavits of Scholtens and Patlovich**

■ The Fuhrmans next argue that the affidavits of Scholtens and Patlovich submitted by Ada County in support of its motion for summary judgment did not demonstrate irreparable harm, as found by the district court. In the Findings, the district court determined that criminal prosecution is not an adequate remedy at law because it would not alleviate the harm to adjacent property owners posed by the existence of unengineered fill on the Fuhrmans' property. In addition, the district court determined that Ada County made a prima facie showing of irreparable harm based on the affidavits of Scholtens and Patlovich and the presence of the irrigation canal at the top of the Fuhrmans' property. Further, the district court found that the Fuhrmans did not present any admissible evidence

> to contradict the assertions of the moving party and establish a genuine issue of material fact. *McCoy v. Lyons,* 120 Idaho 765, 820 P.2d 360 (1990) [(1991)]; *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 791 P.2d 1285 (1990). Therefore, the Court finds Ada County established irreparable harm.

According to the Fuhrmans, only part of Scholtens' affidavit pertains to the issues disclosed by the pleadings and the statements were intended to explain why the Fuhrmans needed a grading permit, not to explain irreparable harm. Further, the Fuhrmans point out that Scholtens did not discuss how the presence of fill would irreparably harm the irrigation canal. The Fuhrmans go on to argue that the pictures attached to Patlovich's affidavit do not show irreparable harm because Patlovich stated that the existing fill was not a danger to public health, safety and welfare.

Ada County argues the evidence presented in the affidavits of Scholtens and Patlovich is sufficient because the affidavits reveal that the Fuhrmans did not comply with Chapter 33 and the HOD. Additionally, the affidavits demonstrate the reasons the Fuhrmans were required to obtain a grading permit. Finally, Ada County introduced evidence in another affidavit that the embankment of the canal could collapse, the canal company required the Fuhrmans to fix the canal embankment, and the Fuhrmans have not re-engineered the fill near the canal embankment.

We find no error in the district court's interpretation or reliance on the affidavits of Scholtens and Patlovich. Specifically, Scholtens' affidavit provided in part:

Improperly placed and non-engineered fill placed on that embankment held the real possibility that the integrity of the embankment could fail causing the irrigation canal to collapse. The Fred Meyer Shopping Center on Chinden Boulevard is directly below Fuhrman's property.

The Fuhrmans did not present the district court with any evidence to the contrary in Mr. Fuhrman's affidavit. Therefore, we uphold the district court's determination.

## C. Ada County Code

The district court determined that the Fuhrmans failed to produce evidence to show that the HOD, as applied to their property, is unreasonable, arbitrary and capricious and failed to identify any material changes to the HOD that would have affected any issues in this case. The district court determined that the HOD applied to the Fuhrmans' property because it contained a 15% or greater slope. The district court also concluded that the UBC provisions adopted by Ada County specifically authorized an injunction against the Fuhrmans to restrain and correct violations.

The Fuhrmans argue the HOD does not apply to their property because their activities do not qualify as "development." Fuhrmans argue that Patlovich stated in his affidavit that the HOD is "applicable when development is undertaken on property containing a slope in excess of 15%." Ada County Code § 8–1A–1 defines development as "any change in the use, character, or appearance of land that creates an additional demand and need for public facilities." The Fuhrmans contend that their filling activities were not a "development" because it did not involve actual construction of a building on the property.

However, it is undisputed the Fuhrmans intended to use the fill as support for a road, and such improvement of the land would constitute development. Additionally, the Fuhrmans disregard the actual language of the HOD, which does not mention development. The section entitled "Applicability," states that "the regulations of [HOD 8–3H–1, the Hill Overlay District] shall apply to *any grading, filling, clearing, or excavation of any kind* where either of the following is present: 1. Slopes that exceed fifteen percent (15%) ...." (emphasis added) HOD 8–3H–2(B). The Fuhrmans do not argue that the slope is less than a 15% grade; therefore, the HOD would apply to the Fuhrmans' property. As a result, the Fuhrmans must apply for a grading permit under Chapter 33 and include an engineering plan which meets the requirements of the HOD. Consequently, we uphold the decision of the district court, including the decision to grant an injunction.

## D. Attorney fees on appeal

Ada County claims attorney fees on appeal pursuant to I.C. § 12–117 for defending an appeal brought without a reasonable basis in fact or law. Because the Fuhrmans raise issues relating to the interpretation of UBC provisions which this Court has not previously addressed, we find the appeal was not brought without a reasonable basis in fact or law and decline to award Ada County attorney fees on appeal.

## IV. CONCLUSION

The decision of the district court determining that the Fuhrmans are not in compliance with the Ada County Code and ordering an injunction is affirmed. We award costs on appeal to Ada County.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK concur.