118 P.3d 75

**Terry W. ANDERSEN, Rosanna Andersen, Plaintiffs–Appellants,**

**and**

**Does I–X, Plaintiffs,**

v.

**PROFESSIONAL ESCROW SERVICES, INC., an Idaho corporation, Ronald Bitton, an individual, John K. Baker, Julie A. Baker and Does I–X, Defendants–Respondents,**

**and**

**Everett W. Mc Kinney, Ardis Mc Kinney, The Everett And Ardis Mc Kinney Revocable Trust u/i/d SEPTEMBER 25, 1998, Defendants.**

No. 30430.

Supreme Court of Idaho, Boise, May 2005 Term.

June 21, 2005.

Rehearing Denied Aug. 16, 2005.

Terry W. Andersen and Rosanna Anderson, Pocatello, argued as pro se appellants.

Merrill & Merrill, Pocatello, for respondents Professional Escrow and Bitton. Thomas J. Lyons argued.

Cooper & Larsen, Pocatello, for respondents Bakers. Edwynne Carter argued.

BURDICK, Justice.

This is a property dispute case involving the property commonly known as Indian Springs Resort (Indian Springs) located in Power County, Idaho. The district court

dismissed Terry and Rosanna Andersen's complaint for lack of standing to litigate the action, failure to plead their fraud claims with particularity, failure to state a cause of action, and improperly bringing the suit because it was barred by res judicata. The Andersens timely appeal the standing issue, but because the Andersens failed to appeal the alternative grounds for granting summary judgment, the order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The Appellants/Plaintiffs in this case are Terry and Rosanna Andersen as individuals (collectively, the Andersens). The Andersens as Trustees formed a partnership with John and Julie Baker known as Recreational Properties A & B. They entered into an operating agreement on July 2, 1996, to purchase and manage Indian Springs. On the same day Donald and Shirley Thornhill conveyed their interest in Indian Springs by a warranty deed to Terry W. Andersen, Trustee of Andersen Living Trust and to John and Julie Baker. The language at the bottom of the deed states that the document is a warranty deed from Thornhill to Recreational Properties A & B. On February 24, 1998, Terry W. Andersen, Trustee, transferred all right, title, and interest in Indian Springs by quitclaim deed to AICO Recreational Properties, LLC (AICO). AICO defaulted on a mortgage against the property, resulting in a foreclosure and sheriff's sale. All parties to this action were involved in the foreclosure.

The Andersens brought this current action seeking damages, an injunction to the sheriff's sale, and the return of Indian Springs to its rightful owners. Defendants Professional Escrow Services and Ron Bitton filed a motion for summary judgment, which was joined by the Bakers. On September 30, 2003, the district court issued a memorandum decision, order and judgment granting Defendants' motion for summary judgment. The district court held because the Andersens lacked standing (having no title or interest in the property) there was no justiciable controversy and the court did not have jurisdiction. Additionally, the district court held that even if it did have jurisdiction, the stat-ute of limitations had run with respect to the counts of fraud (counts 1, 4, and 5). Because the Andersens did not plead the first four counts with particularity, the district court also granted summary judgment on that basis. Regarding the last count, the district court held that 18 U.S.C. § 1964(c) expressly barred the Andersens' claim of a RICO violation.

The Andersens motioned the district court for reconsideration. Prior to the district court's decision, the Andersens filed a motion for partial summary judgment and scheduled a hearing. On December 11, 2003, the district court issued its memorandum decision and order denying both of the Andersens' motions. The district court again held that the Andersens as individuals lacked standing to bring this suit, explaining that the cause of action belonged to the limited liability company—AICO. Furthermore, the Andersens' claims against the Defendants arose out of the same transaction or occurrence that was the subject matter of the foreclosure action and should have been made in that proceeding. The district court therefore concluded the Andersens were collaterally estopped from bringing the action against the Defendants.

The Andersens appeal the district court's "standing" decision.

## STANDARD OF REVIEW

 On review of a district court's ruling on motion for summary judgment, this Court employs the same standard as the trial court when ruling on the motion. *Sun Valley v. Rosholt, Robertson & Tucker,* 133 Idaho 1, 3, 981 P.2d 236, 238 (1999). On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Miller v. Simonson,* 140 Idaho 287, 289, 92 P.3d 537, 539 (2004). The law is well established in Idaho that on a motion for summary judgment the trial court must determine whether the pleadings, depositions, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Ada County v. Fuhrman,* 140 Idaho 230, 232, 91 P.3d 1134, 1136 (2004). We liberally construe the facts and draw all

reasonable inferences from the record in favor of the nonmoving party. *Anderson v. Glenn,* 139 Idaho 799, 801, 87 P.3d 286, 288 (2003).

## ANALYSIS

### I. THE ANDERSENS FAILED TO CHALLENGE ON APPEAL THE DISTRICT COURT'S ALTERNATIVE GROUNDS FOR GRANTING SUMMARY JUDGMENT AND THEREFORE THE DISTRICT COURT'S ORDER GRANTING SUMMARY JUDGMENT MUST BE AFFIRMED.

The Andersens appeal the district court's order granting summary judgment arguing they as individuals do have standing to pursue the action. The Andersens do not, however, list as an issue on appeal nor provide argument regarding the district court's alternative grounds for granting summary judgment.

 This Court has consistently followed the rule that it "will not review the actions of a trial court, unless the action has been listed as an issue on appeal, especially where no authorities are cited and no argument is contained in the appellate briefs." *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). It is the duty of the appellant to list the issues on appeal for this Court to review. *Everhart v. Washington County Road and Bridge Dept.,* 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). When a decision is "based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds." *MacLeod v. Reed,* 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct.App. 1995). Because the Andersens have failed to challenge on appeal the district court's alternative grounds for granting summary judgment against them, the dismissal of their case must be affirmed. *See Pitzer v. Swenson,* 128 Idaho 423, 425, 913 P.2d 1193, 1195 (Ct.App.1996). The Andersens cannot prevail under any circumstances, for if they obtain a reversal on the issue appealed—standing—the judgment based on the alternative grounds would be affirmed because those issues were not properly appealed.

We affirm the district court's order granting summary judgment.

### II. RESPONDENTS ARE AWARDED ATTORNEY FEES ON APPEAL.

 All three Respondents requested attorney fees, claiming the appeal is frivolous. "An award of fees on appeal may be granted pursuant to I.A.R. 41(a) and I.C. § 12–121. Such an award is appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Karlson v. Harris,* 140 Idaho 561, 571, 97 P.3d 428, 438 (2004).

 The Andersens' arguments on appeal are without foundation. The Andersens failed to argue that the alternative grounds for granting the summary judgment were in error.

## CONCLUSION

The district court's order is affirmed. Respondents are awarded attorney fees and costs.

Chief Justice SCHROEDER, Justices TROUT, EISMANN and JONES concur.