128 P.3d 947

**Bashkim SADIKU, Claimant–Appellant,**

v.

**AATRONICS INCORPORATED, Employer, and Idaho State Insurance Fund, Surety, Defendants–Respondents.**

No. 31295.

Supreme Court of Idaho,
Boise, January 2006 Term.

Jan. 25, 2006.

Sadiku Bashkim, appellant pro se.

Ellis, Brown & Sheils, Chtd., Boise, for respondents. Max M. Sheils, Jr. argued.

PER CURIAM.

This is an appeal from the Industrial Commission's denial of the claimant's motion to set aside a lump sum agreement entered into between the surety and the claimant. The Commission found that the claimant had failed to prove fraud and refused to set aside the agreement. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In January 2001, Bashkim Sadiku underwent back surgery. In July 2002, he filed a claim seeking benefits under the Worker's Compensation Act. He alleged that his surgery was necessitated by an accident that occurred in August 2000 while he was lifting a heavy object in the course and scope of his employment. Prior to filing the claim in July 2002, he had not notified his employer of the accident or claimed any benefits because he was unaware that he may be entitled to benefits under the Worker's Compensation Act. He was a recent immigrant to this country from Kosovo and was unaware of that Act or his rights under it.

The Idaho State Insurance Fund (ISIF) initially denied liability on the ground that Mr. Sadiku had not given his employer timely notice of the accident and had not filed a

timely claim for compensation, as required by Idaho Code § 72–701. There was also an issue of whether the surgery was necessitated by his pre-existing back condition or an accident during employment.

Mr. Sadiku initiated the worker's compensation proceedings without the assistance of counsel. After mediation failed to resolve the matter, he retained an attorney, who negotiated a settlement under which Mr. Sadiku would be paid $1,000 in full satisfaction of his claim. On March 4, 2003, Mr. Sadiku and his counsel signed the lump sum agreement memorializing that settlement. Based upon the parties' stipulation, the Industrial Commission (Commission) approved the agreement and dismissed the proceedings with prejudice on March 14, 2003.

On July 24, 2003, Mr. Sadiku, again without the assistance of counsel, instituted proceedings to obtain additional compensation for his back injury. The proceedings were bifurcated, with the issue of whether he was entitled to re-open his claim being tried first. The matter was tried to a Referee, who issued proposed findings of fact that Mr. Sadiku had failed to show any basis for re-opening his claim. The Commission adopted the Referee's proposed findings and held that Mr. Sadiku had failed to show any basis for re-opening his claim. Mr. Sadiku asked the Commission to reconsider its decision, and the Commission denied that motion. Mr. Sadiku then timely appealed.

## III. ANALYSIS

The Worker's Compensation Act is purely statutory. *Roe v. Albertson's, Inc.,* 141 Idaho 524, 112 P.3d 812 (2005). Worker's compensation benefits can be awarded only as provided in the Act. The lump sum agreement signed by Mr. Sadiku was approved by the Commission, and no rehearing or reconsideration was requested within twenty days. Under Idaho Code § 72–718, Mr. Sadiku could only set aside the lump sum agreement by showing fraud.

At the hearing, Mr. Sadiku testified that he had immigrated to the United States from Kosovo, that he does not understand English very well, that nobody had told him there was insurance covering him if he was injured at work, and that he did not know about the deadline for filing a claim in order to obtain worker's compensation benefits. He also stated that he had signed the lump sum agreement without reading it and expressed dissatisfaction with his attorney and with the ISIF's attorney.

The issue before us is not whether Mr. Sadiku was entitled to receive more than $1,000 in worker's compensation benefits, nor is it whether his employer was at fault in failing to inform him of his rights under the Worker's Compensation Act. Mr. Sadiku can set aside the lump sum agreement he signed only by showing fraud. The Commission found that he had failed to do so. The only issue we can decide is whether the Commission's finding, that Mr. Sadiku had failed to prove fraud, is clearly erroneous. *Lopez v. State,* 136 Idaho 174, 30 P.3d 952 (2001). Based upon the evidence in the record, the Commission's finding is not clearly erroneous. We must therefore affirm the Commission's order.

## III. CONCLUSION

The order of the Commission is affirmed. Costs on appeal are awarded to the respondent.