869 P.2d 230

**Christopher LONG, Plaintiff–Appellant,**

v.

**BOGUS BASIN RECREATIONAL ASSOCIATION, INC., a not for profit Idaho Corporation, Defendant–Respondent.**

No. 20268.

Supreme Court of Idaho,
Boise, December 1993 Term.

Feb. 22, 1994.

William B. Latta, Jr., Boise, and Steven L. Feldman, Encino, CA, for appellant. William B. Latta argued.

Hawley, Troxell, Ennis & Hawley, Boise, for respondent. Stephen C. Hardesty argued.

BISTLINE, Justice.

The appellant asks this Court to find that Bogus Basin Recreational Association, Inc. is liable for his fractured leg because he injured it while skiing in an area of Bogus Basin which was physically accessible to skiers. He argues that since the area was not "closed off" to skiing, Bogus Basin is liable for injuries which occur there. We reject these arguments and uphold the district court's grant of summary judgment in favor of the ski area.

## BACKGROUND

On March 23, 1989, Christopher Long fell while skiing at Bogus Basin Ski Area. The area where he fell is known to Bogus Basin employees as "Vertigo Road," but there are no signs or named trails, slopes, or runs anywhere on Vertigo Road because Bogus Basin does not consider it a "designated" ski run.

In his fall, Long injured his right leg. Long was rescued by Bogus Basin staff, whom he told of having taken a "rock drop off into other rocks." Upon being asked how he could have prevented the accident Long replied: "look before leap." Subsequently, Long filed suit, complaining that Bogus Ba-

sin was negligent in not providing a sign indicating the relative degree of difficulty of the area where Long was injured and that the alleged negligence was the proximate cause of his injuries. Bogus Basin moved for summary judgment, alleging there was no genuine issue as to any material fact and that Bogus Basin was entitled to summary judgment as a matter of law based on I.C. § 6–1101 *et. seq.* (the "skier statute").

The district court found that Vertigo Road was not an area designated for skiing. It determined that I.C. § 6–1106 requires skiers to ski in designated areas and that Long's injury was therefore a risk he expressly assumed under the skier statute. The court granted the motion for summary judgment and Long appeals, raising the following issues:

I. Are the only duties imposed on ski area operators those enumerated in the skier statute, I.C. § 6–1101 *et. seq.*, and did Bogus Basin violate any of these?

II. Does the skier statute eliminate any common law standard of care for a ski area operator in fulfilling any of the duties described in I.C. § 6–1103(1)–(9)?

III. Does the skier statute's statement that assumption of the risk is an affirmative defense preempt the general comparative negligence statute, I.C. § 6–801?

The Court declines to reach Issue III because our disposition of Issues I and II makes resolution of Issue III unnecessary. Issues I and II are discussed below.

## ANALYSIS

### I. Bogus Basin Did Not Violate its Statutory Duty to Mark Designated Trails.

In prior cases this Court has recognized that Idaho Code § 6–1103 enumerates the totality of duties with which ski area operators must comply. *Northcutt v. Sun Valley Co.*, 117 Idaho 351, 787 P.2d 1159 (1990). There are no other duties. 117 Idaho at 355, 787 P.2d at 1163. *Northcutt* found also that the skier statute was intended to limit the liability of ski area operators, not expand it. Thus, we look to Section 6–1103

to determine whether Bogus Basin complied with its statutory duties.

Subsection (3) provides that operators must mark at its top each open or closed slope, trail or area with a symbol showing its degree of difficulty. "Skiing area" is defined as all designated slopes and trails. I.C. § 6–1102(5). In turn, "slopes and trails" are those areas which are "designated" as such by the operator. We therefore conclude that since a sign showing degree of difficulty is required only at the top of designated slopes, and Vertigo Road is not now and never was a designated run, Bogus Basin did not violate any duty to have marked it. Finally, Subsection (10) is a "catch-all," stating that ski area operators have no duty to "eliminate, alter, control or lessen the risks inherent in the sport of skiing." We conclude that an injury to the body caused by falling while skiing in an unmarked, ungroomed area is an inherent risk of skiing and Bogus Basin had no duty to take some kind of affirmative steps to have prevented Long from being injured. When a skier ignores the ski area's instructions to ski only on designated trails and embarks on an enterprise too difficult for someone of his ability, the ski area is not liable for his mishaps. This is the clear intention of the skier statute.

Other sections of the skier statute specifically cover liability. Section 6–1106 assigns to skiers the duty of skiing only in designated areas. Section 6–1109 provides that a skier shall not recover from a ski area operator if he violates any duty enumerated in I.C. § 6–1106 if such violation is causally related to his injury. Section 6–1107 simply provides that a ski area operator shall be liable to a skier if the operator violated its duties enumerated in I.C. §§ 6–1103 and 6–1104. Thus, to determine liability a court must evaluate both the skier's and the operator's duties to determine if either party violated their duties. This is exactly what the district court did and we affirm its findings and conclusions.

Long asserts that even though there was no sign with the run's name or a designation of its degree of difficulty at the top of this slope it is a designated slope because it ap-

pears on the map and the trail boards as a black line. We do not need to address this argument because we find, as did the district court, that the area where Long was injured, Vertigo Road, is not the area which appears as a black line on an old version of the trail map. This argument is therefore totally irrelevant.

■ In the same vein, Long argues that since there were other ski tracks in the area and since it was not roped off or marked as "closed" it was open. Affirmative action by the operators of the ski area, not the tracks of other skiers, designates runs. The ski area designates runs by grooming and maintaining them as well as by marking them with signs. Bogus Basin did not do either with the area in which Long was injured. Long also complains that since Bogus Basin Ski Area advertises that it has 2,600 acres of skiable terrain he was misled into thinking all 2,600 acres, the entire mountain, are "designated" runs and slopes for which Bogus Basin is liable. The entire mountain may indeed be skiable, most of it only by expert skiers, and Bogus Basin's advertisement follows the norm within the ski industry. Furthermore, there are disclaimers, on ski tickets and on signs all over the ski area, warning that Bogus Basin is liable only for skiers who stay on designated runs. It stretches credulity to find that a skier somehow could be misled by Bogus Basin's advertisements into believing that the ski area is responsible for his injuries when he heads off a cliff in an unmarked area. It is unfortunate if Long did believe this, but his mistaken belief could not in any case create liability for Bogus Basin where none exists under the statute.

## II. The Common Law Standard of Care is Eliminated by the Skier Statute.

■ Relying on I.C. § 6–1102(6) which states that "skier" means "any person present at a skiing area ... engaging in the sport of skiing by utilizing the ski slopes and trails ..." Long argues that he therefore was not a skier since, according to the district court, he was not on a designated trail. He reasons that because he is not a skier for the purposes of the skier statute he is simply a business invitee and is owed the ordinary common law standard of care. Long claims that in these circumstances the standard of care required that he be provided with a reasonably accurate map and a conspicuously marked trail, and that whether Bogus Basin provided Long with these items is a negligence question which should have been presented to a jury.

Long is arguing that a paying customer of a ski area who violates his statutory duty to ski only within designated areas by skiing off trail is then owed a higher standard of care by the ski area operator. If this argument prevailed, it would nullify the statutory provision concerning skiers' duties, I.C. § 6–1106, as well as the provision which states that no skier may recover from an operator when he does violate such duty, I.C. § 6–1109. Long's argument suggests that just by skiing off trail a skier can ski out from under the responsibilities imposed upon him by the skier statute. Once again, we reject Long's argument and hold that the skier statute establishes the duties and the standard of care for skiers and ski operators.

## CONCLUSION

To summarize, under I.C. § 6–1101 *et seq.* Bogus Basin has a duty to post signs on designated trails. Vertigo Road is not a designated trail. As a matter of law, therefore, Bogus Basin did not violate its duties, and Long assumed the risk for his own accident, when he skied into an unmarked area. Long may not recover from Bogus Basin for his injuries and the district court correctly granted summary judgment in favor of the ski area. Costs to respondent.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and HART, J., Pro Tem., concur.