# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 33098

| | |
|---|---|
| HELGA WITHERS, | ) |
| | ) Boise, March 2007 Term |
| Plaintiff-Appellant, | ) |
| | ) 2007 Opinion No. 60 |
| v. | ) |
| | ) Filed: April 3, 2007 |
| BOGUS BASIN RECREATIONAL | ) |
| ASSOCIATION, INC., an Idaho corporation, | ) Stephen W. Kenyon, Clerk |
| | ) |
| Defendant-Respondent. | ) |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Honorable Ronald J. Wilper, District Judge.

The decision of the district court is affirmed.

Moore & Baskin, LLP, Boise, for appellant. Kevin M. Arnold argued.

Elam & Burke, P.A., Boise, for respondent. Jeffrey A. Thomson argued.

_____

SCHROEDER, Chief Justice.

This case involves the interpretation and application of Idaho Code §§ 6-1101 *et seq.* (the "Ski Area Liability Act") arising from an accident suffered by Helga Withers at a ski area owned by Bogus Basin Recreational Association, Inc.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Employees of Bogus Basin placed a rope from the end of the unloading ramp of the "Superior" chairlift to a garbage can located about 25 to 30 feet away. The rope was intended to route disembarking chairlift passengers away from the ramp. Someone bumped into the trash can and moved it, causing the rope to sag. Withers and her daughter, Lori Edwards, rode the Superior chairlift, reached the lift station and disembarked. They descended the unloading ramp

without incident. Instead of continuing straight ahead and going around the trash can at the far end of the rope, Withers and Edwards turned left in order to join the rest of their party, crossing the path of the rope. Edwards passed over the rope without incident. Withers followed but one of her skis became tangled in the rope and caused her to fall, resulting in multiple injuries.

Withers filed suit alleging negligence. Bogus Basin moved for summary judgment, arguing that liability was precluded under the Ski Area Liability Act, I.C. §§ 6-1101 *et seq.*, and by Withers' express assumption of risk and written release of liability executed in connection with her equipment rental and lift ticket purchase. The district court granted summary judgment.

## II.
## STANDARD OF REVIEW

In an appeal from a grant of summary judgment, this Court's standard of review is the same as the district court's standard in ruling upon the motion initially. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84*, 142 Idaho 804, 806, 134 P.3d 655, 657 (2006). Summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This can occur where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000).

This Court exercises free review in determining whether a genuine issue of material fact exists and whether the prevailing party was entitled to judgment as a matter of law. *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 745-46, 118 P.3d 75, 77-78 (2005). Interpretation of a statute is a question of law over which the Court exercises free review. *Carrier*, 142 Idaho at 807, 134 P.3d at 658.

## III.
## THE SKI AREA LIABILITY ACT PRECLUDES LIABILITY

### A. The Ski Area Liability Act.

Idaho Code § 6-1101 provides the following:

**6-1101. Legislative Purpose.** — The legislature finds that the sport of skiing is practiced by a large number of citizens of this state and also attracts a large number of nonresidents, significantly contributing to the economy of Idaho. Since it is recognized that there are inherent risks in the sport of skiing which should be understood by each skier and which are essentially impossible to

eliminate by the ski area operation, it is the purpose of this chapter to define those areas of responsibility and affirmative acts for which ski area operators shall be liable for loss, damage or injury, and to define those risks which the skier expressly assumes and for which there can be no recovery.

I.C. § 6-1101. The legislature's intent was "to limit rather than expand the liability of ski area operators." *Northcutt v. Sun Valley Co.,* 117 Idaho 351, 354, 787 P.2d 1159, 1162 (1990).

To recover Withers must prove that Bogus Basin violated a duty and that her injury was causally related to the violation. I.C. § 6-1107; *Northcutt*, 117 Idaho at 355, 787 P.2d at 1163. The duties of ski area operators are set forth in I.C. §§ 6-1103 and 6-1104. Section 6-1103 establishes duties with respect to skiing areas, while section 6-1104 requires that chairlifts be operated in compliance with national safety standards. These two sections comprise the entirety of an operator's duties under the statute. *See Northcutt*, 117 Idaho at 354-55, 787 P.2d at 1162-63; *accord Davis v. Sun Valley Ski Educ. Found.*, 130 Idaho 400, 403, 941 P.2d 1301, 1304 (1997); *Long v. Bogus Basin Recreational Ass'n*, 125 Idaho 230, 232, 869 P.2d 230, 232 (1994).

Section 6-1103 lists nine items, plus a "catch-all" provision enumerating the duties of ski area operators with respect to ski areas. The catch-all provision states the following:

> **6-1103. Duties of ski area operators with respect to ski areas.** — Every ski area operator shall have the following duties with respect to their operation of a skiing area:
>
> . . .
>
> (10) Not to intentionally or negligently cause injury to any person; provided, that except for the duties of the operator set forth in subsections (1) through (9) of this section and in section 6-1104, Idaho Code, the operator shall have no duty to eliminate, alter, control or lessen the risks inherent in the sport of skiing, which risks include but are not limited to those described in section 6-1106, Idaho Code; and, that no activities undertaken by the operator in an attempt to eliminate, alter, control or lessen such risks shall be deemed to impose on the operator any duty to accomplish such activities to any standard of care.

I.C. § 6-1103. Idaho Code § 6-1104 addresses the duties of ski area operators with respect to aerial passenger tramways. The duty not to negligently cause injury refers only to the failure to follow (1) any of the enumerated duties in I.C. §§ 6-1103 and 6-1104, or (2) any duty that does not relate to eliminating, altering, controlling or lessening the inherent risks of skiing. *Northcutt*, 117 Idaho at 355, 787 P.2d at 1163. The common law standard of care with respect to non-skiing-related functions remains, but the operator is absolved of responsibility to protect skiers from the hazards of skiing except as enumerated in the statute. *See Davis*, 130 Idaho at 403, 941

3

P.2d at 1304 (recognizing that the statutory enumerated duties are exclusive); *Long*, 125 Idaho at 233, 869 P.2d at 233 (recognizing that the statute eliminates the common law standard of care).

The district court found that Bogus Basin's conduct in erecting and maintaining the rope configuration was an attempt "to eliminate, alter, control or lessen the risks inherent in the sport of skiing" within the meaning of I.C. § 6-1103(10), and consequently Bogus Basin was under no duty to accomplish the activity to any standard of care. Withers argues that the inherent risk provisions of I.C. § 6-1103(10) do not apply to the rope configuration. She contends that Bogus Basin violated I.C. § 6-1104 by failing to comply with the standard requiring that a chairlift be stopped immediately if a condition develops in which continued operation might endanger a passenger.

### B. The rope configuration was intended to "eliminate, alter, control or lessen" an inherent risk of skiing within the meaning of I.C. § 6-1103(10).

Withers asserts that her injury did not result from an inherent risk of skiing but from a man-made device negligently created by Bogus Basin. However, the question is not whether the risk of tripping over the rope was an inherent risk of skiing but whether the rope was set up in response to an inherent risk. The purpose of the rope was to route people in a manner that would reduce the risk of skiers colliding.

Idaho Code § 6-1101, recognizes that "there are inherent risks in the sport of skiing which should be understood by each skier and which are essentially impossible to eliminate by the ski area operation." The inherent risks of skiing "include but are not limited to those described in section 6-1106." I.C. § 6-1103(10). Idaho Code § 6-1106, provides:

> Each skier expressly assumes the risk of and legal responsibility for any injury . . . which results from participation in the sport of skiing including any injury caused by the following, all whether above or below snow surface: variations in terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees, other forms of forest growth or debris, lift towers and components thereof; utility poles, and snowmaking and snowgrooming equipment which is plainly visible or plainly marked in accordance with the provisions of section 6-1103, Idaho Code.

Further I.C. § 6-1106 provides that "[the] responsibility for collisions by any skier while actually skiing, with any person, shall be solely that of the individual or individuals involved in such collision and not that of the ski area operator."

Skier collisions are an inherent risk of skiing. The rope was intended to eliminate, alter, control or lessen, a risk inherent in the sport of skiing within the meaning of I.C. § 6-1103(10).

4

**C. Withers' injuries did not result from a violation of I.C. § 6-1104.**

Withers argues that Bogus Basin violated I.C. § 6-1104 by failing to stop the chairlift when it became aware that the rope was sagging and could pose a hazard to disembarking passengers. That section provides as follows:

> Every ski area operator shall have the duty to construct, operate, maintain and repair any aerial passenger tramway in accordance with the American national standards safety requirements for aerial passenger tramways.

I.C. § 6-1104. Withers relies on the following excerpt from the national standard governing the operation of chairlifts:

> The operator [the employee in charge of the lift] shall be advised of any unusual or improper occurrences. Should a condition develop in which continued operation might endanger a passenger, the attendant shall stop the aerial lift immediately and advise the operator.

ANSI B77.1-1999 American National Standard for Passenger Ropeways § 4.3.2.3.3.

The record does not support a finding that Withers' injuries resulted from a violation of I.C. § 6-1104. Withers descended the unloading ramp without incident and proceeded a distance alongside the rope before attempting to cross over it. The hazard was created by the rope, not the construction, operation, maintenance and repair of the chairlift. I.C. § 6-1104. Withers was not endangered by the operation of the chairlift, and her injuries were not caused by that operation.

**IV**.
**BOGUS BASIN IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL**

Withers' arguments concerning the statutory construction are not frivolous, unreasonable or without a foundation in law or fact. Bogus Basin is not entitled to attorney fees.

**V.**
**CONCLUSION**

The district court's grant of summary judgment is affirmed. Bogus Basin is awarded costs. No attorney fees are allowed.

Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.

5