HORTON, J.,
specially concurring.
I join in the majority’s opinion, save for Part V.C, regarding the Patient’s Motion for Reconsideration. I join in that portion of Part V.C which holds that the requirements *811 of I.C. §§ 6-1012 and 6-1013 apply to medical malpractice actions against chiropractors. However, I am unable to concur in the majority’s decision to affirm the district court’s determination that Dr. Tamai’s affidavit failed to satisfy the foundational requirements of I.C. § 6-1013, as interpreted by this Court in Dulaney v. St Alphonsus Reg’l Med. Ctr., 137 Idaho 160, 45 P.3d 816 (2002). Although I have grave misgivings as to whether the Court has elevated the requirements for an expert’s affidavit beyond the requirements of I.C. § 6-1013,[2]1 am unable to join this part of the decision for one simple reason: this majority purports to affirm a decision that the district court simply did not make.
The majority states that “the record shows that the district court did consider the admissibility of the affidavit and found that it lacked a proper foundation to establish admissibility as expert testimony.” The majority later states: “On reconsideration, the court considered Dr. Tamai’s affidavit and found that it failed to set forth an adequate foundation to be admissible.” I have read, and re-read, the district court’s oral explanations for its decision to strike Dr. Tamai’s affidavit and its explanation for the denial of the motion for reconsideration. There is simply no basis for the majority’s determination that the district court struck the affidavit due to a failure of foundation.
The majority correctly observes that the attorneys advanced arguments regarding the sufficiency of the foundation for the admissibility of Dr. Tamai’s affidavit. However, I believe that the majority mistakenly relies on those arguments to support its conclusion that the district court found that Dr. Tamai’s affidavit lacked adequate foundation. A judge’s decision to rule in one party’s favor does not mean that the judge has accepted every argument advanced by that party. The prevailing party does not have to persuade the judge of the correctness of its position on every issue in order to win; the party must only persuade the judge that it is correct on one dispositive issue. Thus, judges frequently accept some arguments advanced by a party, reject other arguments advanced by that party, and ultimately rule in favor of that party. In so doing, they frequently do not bother to address issues that they deem to be immaterial to their decision.
It is for this reason that this Court evaluates a judge’s decision on the basis of the explanation provided by the judge, not on the arguments advanced by the parties. Thus, I will direct my attention to the district court’s comments explaining its decision. Unfortunately, in order to demonstrate the reason that I disagree with the majority’s assertion that the district court struck Dr. Tamai’s affidavit on the basis of a lack of foundation, I must consider everything that the district court said when ruling on the motion. The following is the entirety of the district court’s comments regarding the motion to strike:
The defense has moved to strike the affidavit of Sarah Tamai that was filed on November 15th, 2010 in support of plaintiffs opposition to the motion for summary judgment.
The defendant argues first that the affidavit is untimely under Rule 56(c) and that it is inadmissible under 56(e) and ease law. 56(c) Rule of Procedure addresses summary judgment and provides, if the adverse party desires to serve opposing affidavits, the party must do so at least fourteen days prior to the date of hearing.
The defendant further argues that this is a sham affidavit — and that is the term that has been used in the case law — because it contradicts Dr. Tamai’s deposition testimony and was merely presented today to prevent summary judgment.
*812 Boise Tower versus Washington, this is a District of Idaho 2007 case, L 1035158, addresses the issue of sham affidavits in the Ninth Circuit.
And I quote, “The ‘sham affidavit’ doctrine prevents the use of manufactured testimony as a means of creating an issue of fact to get past summary judgment. Courts have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn testimony by, say, filing a later affidavit that flatly contradicts the party’s earlier sworn deposition without explaining the contradiction or attempting to resolve the disparity. The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting prior deposition testimony.”
I conclude that the affidavit was not filed timely and that there was no request for shortening of time. I further conclude that the affidavit clearly contradicts the prior deposition testimony and that it was clear that at that time, Dr. Tamai was not aware of the local standard of care in this community.
Pursuant to Rule 56(c), the opposing affidavit was not timely filed and clearly contradicts prior testimony. As a result I am going to grant the motion to strike the affidavit which leaves the remaining issue, then, of summary judgment.
(Emphasis added).
The district court’s decision to strike is notable in that the word “foundation” is utterly absent, as is any discussion of Dulaney. The only bases for the district court’s decision that I can discern are those that I have highlighted. These are the determinations that the affidavit was not timely filed and that Dr. Tamai’s affidavit was a “sham” because it contradicted her earlier deposition testimony.
The district court’s decision with regard to the motion for summary judgment did address Dulaney. This is the entirety of the district court’s decision regarding summary judgment:
Having granted the motion to strike based on the plaintiffs failure to meet its burden with regard to local of standard of care and with regard to contradictory statements, I am called upon at this time to look at the summary judgment issue which the parties have been arguing here before me this morning.
And, of course, I cite to Idaho Code Section 6-1012 and 6-1013. 6-1012 clearly provides that as an essential part of the plaintiffs ease in chief, they affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence that such defendant, then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of the purveyor— alleged purveyor of negligence.
And I also cite, then, 6-1013, which provides under subsection (c) that such expert witness possessed professional knowledge and expertise coupled with the actual knowledge of the applicable said community standard to which his or her opinion testimony is addressed. It then goes on to say that the section shall not be construed to prohibit or preclude a competent expert who resides elsewhere from adequately familiarizing himself with the standards and practices of a particular area.
In looking at the issue of summary judgment, I also am relying heavily on Dulaney versus Saint Alphonsus, 137 Idaho 160 [45 P.3d 816], and that’s a 2002 case and the cite that Mr. Messerly in his responding argument made.
And that is, “The liberal construction and reasonable inferences standard does not apply, however, when deciding whether or not testimony offered in connection with a motion for summary judgment is admissible.” And I’m going to leave out the cites.
“The trial court must look at the witness’s affidavit or deposition testimony and determine whether it alleges facts which, if taken true, would render the testimony of that witness admissible.”
*813 “To avoid summary judgment for the defense in a medical malpractice case, the plaintiff must offer expert testimony indicating that the defendant health care provider negligently failed to meet the applicable standard of care. In order for such expert testimony to be admissible, the plaintiff must lay the foundation required by 6-1013. To do so, the plaintiff must offer evidence showing: (a) that such opinion is actually held by the expert witness; (b) that the expert witness can testify to the opinion with a reasonable degree of medical certainty; (e) that the expert witness possesses professional knowledge and expertise; and (d) that the witness has actual knowledge of the applicable standard of care to which his opinion testimony is addressed.”
Now plaintiff has responded with the affidavit in this matter. However, the evidence in this case indicates that that affidavit contradicts prior opinions of Dr. Tamai from a deposition previously held, and that until the filing of that untimely affidavit, she was not familiar with the local standard of care.
As a result, I find that summary judgment is appropriately granted in this ease as there is no issue — genuine issue of material fact.
All of my stated findings and conclusions will stand for the recoi’d. Mr. Messerly, you shall draft an order striking the affidavit and granting summary judgment, submit a copy to opposing counsel.
(Emphasis added).
I do agree with the majority’s observation that the district court “did not articulate its ruling in great detail.” Unlike the majority, I cannot interpret the highlighted language as indicating that the affidavit lacked adequate foundation and was therefore inadmissible. Rather, it is evident to me that the district court’s evaluation of the sufficiency of the evidence to withstand the motion for summary judgment was focused upon the evidence set forth in Dr. Tamai’s deposition. That testimony unambiguously established that, at the time of the deposition, Dr. Tamai had no familiarity whatsoever with the applicable standard of health care practice. Thus, assuming that the district court did not err in striking the affidavit and properly applied I.C. §§ 6-1012 and 6-1013, it was compelled to grant summary judgment.
My conviction that the distinct court did not strike the affidavit as lacking foundation is reinforced by the statements of the district court when ruling on the motion for reconsideration. The entirety of that ruling is as follows:
All right. Thank you. The defendant previously moved me to strike the affidavit of Sarah Tamai, the chiropractor, that was filed on November 15th of 2010. I previously ruled that the plaintiff filed the affidavit late and that the affidavit contradicted prior deposition testimony, that the expert Tamai was not aware of the local standard of community care.
At the time of her deposition, she was not aware of that. And in the affidavit, she was — in response, she became aware, at least in communications with a chiropractor here, of the local standard of care in this community. And as Mr. Johnson pointed out, I find no — no deception on the part of the chiropractor.
However, I concluded previously that clearly this did qualify under the sham affidavit doctrine as what was called manufactured testimony to create an issue of fact to prevent this Court from ruling on summary judgments.
And I also pointed out that the 9th Circuit ruling, the Dulaney case, was educational and dispositive. Mr. Johnson mentioned those four elements. I think that that case is also probably instructional on the arguments of whether 6-1012, 6-1013 would apply to chiropractor standard of care.
I did strike the affidavit and then consequently granted defendants’ motion for summary judgment dismissing all of the plaintiff’s claims.
This matter comes before me today on a motion to reconsider after final judgment was entered, and this motion comes before me under IRCP 11(a)(2)(B).
And I do want to cite specifically the case of Carroll, C-a-r-r-o-1-1, versus Nakatani, 342 Federal 3d 934 at 945, a 2003 *814 9th Circuit ease. And I quote, “While Rule 59 permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources.”
“12 James William Moore, et al., Moore’s Federal Practice Section 59.30(4)(3d edition 2000). Indeed, a motion for reconsideration should not be granted absent highly unusual circumstances unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation.”
Plaintiff argues that the Tamai affidavit was not a sham affidavit, and the record is in conflict on the issue of whether or not Dr. Main actually performed a cervical adjustment.
Plaintiff further argues that sufficient foundation was laid for Tamai’s opinions and, alternatively, that Section 6-1012 and 6-1013 do not apply to chiropractors. So hence, the defendant has raised a new argument on reconsideration.
The defendant asserts in their briefing that the motion should have been brought under 59(e) instead of 11(a)(2)(B). But both rules — under both rules, the Court must exercise discretion in deciding the motion.
The defendant further points out, as noted, that the plaintiff is impermissibly rearguing issues that have already been rejected by the courts.
Defendant further emphasizes that the affidavit was untimely and, again, there was no explanation. Clearly, the affidavit was filed untimely and clearly the affidavit contradicted prior deposition testimony.
I conclude that the plaintiff has failed to demonstrate that the motion in this case should be granted, and I stand on the prior conclusions, page 36 through 40 of the transcript of the prior hearing. Having closely reviewed that, I cannot conclude that there was error or that reconsideration should be granted here today.
So I’ll ask that Mr. Messerly provide an additional order denying the motion for reconsideration.
(Emphasis added).
The first highlighted statement of the district court reiterates the bases for the district court’s order granting Dr. Gallegos-Main’s motion to strike Dr. Tamai’s affidavit, i.e., that the affidavit was untimely and it contradicted her earlier deposition testimony. There is no suggestion that the district court concluded that the affidavit lacked adequate foundation as to Dr. Tamai’s familiarity with the applicable standard of health care practice; to the contrary, the district court acknowledged that, as of the time of the preparation of the affidavit, “she became aware, at least in communications with a chiropractor here, of the local standard of care in this community.” Rather, as the second highlighted portion of the district court’s comments reflects, the district court simply continued to adhere to the earlier determination that the affidavit was untimely and a sham. It appears to me that the district court never addressed the parties’ arguments regarding the foundation for Dr. Tamai’s affidavit.
Despite the foregoing disagreements with the majority, I nevertheless concur in the result. Arregui’s motion for reconsideration only addressed the district court’s decision to strike Dr. Tamai’s affidavit as a sham. There was no mention of the untimeliness of the filing of the affidavit. Likewise, in this appeal, Arregui has not addressed the issue of the timeliness of the affidavit or this alternative ground advanced by the district court for denying the motion for reconsideration. Although I would be inclined to find that the district court erred in determining that the affidavit was a sham, this Court has consistently held that an appellant’s failure to address an independent ground for a grant of summary judgment is fatal to the appeal. See e.g., Andersen v. Prof'l Escrow Serv., Inc., 141 Idaho 743, 746, 118 P.3d 75, 78 (2005). Thus, I reluctantly concur.
Chief Justice BURDICK and Justice EISMANN Concur.

. One example is the suggestion that the identity of the local health care provider with whom a Plaintiff’s expert consults must be disclosed as part of the foundation for that opinion. As a former trial court judge, I was called upon to resolve several discovery disputes in which defense counsel sought to learn the identity of the individuals consulted by Plaintiffs' experts in the course of familiarizing themselves with the applicable standard of health care practice. In the course of those proceedings, it was clear that there is a fundamental disagreement among district judges as to whether this information must be disclosed. Although not necessary to resolution of this appeal, the majority appears to decide this question in a fashion which will be welcomed by the insurance defense bar and medical community.